# **RECORD IMPOUNDED**

### **NOT FOR PUBLICATION WITHOUT THE**
### **APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2733-15T2

V.S.,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF HUMAN SERVICES,

    Respondent.

_____

        Submitted May 2, 2017 — Decided October 25, 2017

        Before Judges Messano and Suter.

        On appeal from the Department of Human Services, Division of Mental Health and Addiction Services.

        V.S., appellant pro se.

        Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Ragner E. Jaeger, Deputy Attorney General, on the brief).

PER CURIAM

V.S. was admitted to Trenton Psychiatric Hospital in September 2015. She states she is being forced to take Proxil,[1] 15 mg, and Cogentin, 1 mg, and has had an allergic reaction to the medication. She filed a notice of appeal from the administrative decision to involuntarily medicate her in February 2016. The relief she seeks is "to be taken off the medication immediately."

The State has provided documentation regarding the procedures followed for the involuntary administration of medication to V.S. In addition, the State has represented that V.S. began to take the medication voluntarily in April 2016.

A "Psychotropic Medication Informed Consent Form," dated April 22, 2016, identifies the medication prescribed to V.S., including Cogentin and Prolixin. The form contains a physician's certification and the signature of two witnesses to the fact V.S. gave her consent to take the medication. Although V.S. did not physically execute the consent form, there is a notation that she agreed to take the medication and said she could not sign the form because she could not write due to an injury. V.S. has not refuted

---

[1] Because Proxil is not a prescription drug, over the counter medication or supplement, see https://www.mayoclinic.org/patient-care-and-health-information; Bertram G. Katzung, Susan B. Masters, Anthony J. Trevor, Basic & Clinical Pharmacology, (12th ed. 2012); we assume that V.S. objected to the compelled administration of Prolixin, the medication prescribed to her.

that she gave her consent and has continued taking the medication that is the subject of this appeal.

Because the issue raised is now moot, the appeal is dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2733-15T2